UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE FILLMORE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____/ | No. C-10-03655 JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) [Docket No. 20]** |

In an order filed February 1, 2012, the Court granted Plaintiff's motion for summary judgment, holding that the ALJ erred at Step Two in finding that Plaintiff's mental impairment was not severe. In particular, the Court found that "the reasons offered by the ALJ for rejecting [the] opinions [of examining psychologist Ede Thomsen] are not clear and convincing and further, that [the ALJ's] findings as to the functional areas set forth in the regulations for determining the severity of a mental impairment are not supported by substantial evidence." The Court went on to address the question of whether the case should be remanded for further proceedings or rather, whether benefits should be awarded. The Court concluded that remand for further proceedings was appropriate because it was unable to determine whether there are jobs available in significant number in the national economy that Plaintiff can perform, taking into account his mental impairment. It instructed, however, that upon remand Dr. Thomsen's opinions should be credited with respect to certain particular questions.

The Commissioner now brings a Motion to Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("the Motion"), arguing that: 1) the Court applied erroneous legal standards in

determining the proper weight to be given Dr. Thomsen's opinions; 2) the ALJ offered sufficient reasons for rejecting Dr. Thomsen's opinions; and 3) the Court should not have ordered the Commissioner to credit Dr. Thomsen's opinions on remand. The Motion is DENIED.

Under Rule 59(e), a motion to alter or amend judgment may be granted where "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003)(citations omitted). The Commissioner contends that the Court committed legal error on two grounds. First, the Commissioner argues that the Court erroneously interpreted the "clear and convincing" standard as requiring a higher degree of proof than the "substantial evidence" standard. Motion at 2. The only citation offered by the Commissioner in support of this contention is an argument made in Plaintiff's reply brief. The Court did not adopt this approach in its Order and therefore, the Commissioner's argument has no merit.

Second, the Commissioner asserts that the Court misunderstood the "controlling weight rule," citing Social Security Ruling 96-2p for the proposition that "opinions other than treating sources can never be entitled to controlling weight." *Id.* at 3. This Social Security Ruling explains that the term "controlling weight" is "used in 20 C.F.R. 404.1527(d)(2) and 416.927(d)(2) to describe the weight we give to a medical opinion from a treating source that must be adopted." Here, the Court did not rely on these regulations in holding that Dr. Thomsen's opinions should be credited. Rather, the Court held that Dr. Thomsen's opinions should be credited because the ALJ had not offered clear and convincing reasons supported by substantial evidence for *declining* to credit them. Therefore, the Court rejects the Commissioner's position.

Finally, the Court rejects the Commissioner's argument that the ALJ set forth sufficient reasons for rejecting Dr. Thomsen's opinions for the reasons set forth in the Court's summary judgment order.

2

The Motion is DENIED.

IT IS SO ORDERED.

Dated: March 1, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

3